# EXHIBIT A

219638169

: 595634

Civil Court of the City of New York
County of Kings

----------------------------------------X

DAMEAN MEADOWS,

        Plaintiff,

-against-

EQUIFAX,

        Defendant.

----------------------------------------X

Index No.: CV-026408-24/KI
Date Filed:

**SUMMONS**

Plaintiff's address:
181A Hull Street
Brooklyn, New York 11233
The basis of venue designated:
Plaintiff's residence and Location/situs of incident(s)

To the above named defendant:

    You are hereby summoned to appear in the Civil Court of the City of New York, County of Kings at the office of the said Court at 141 Livingston Street, in the County of Kings, City and State of New York, 11201 within the time provided by law as noted below and file your answer to the summons and endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00), interest from the date of the incidents alleged in this suit and together with the costs and disbursements of this action.

Dated: November 8, 2024

By: _____
April Forbes, Esq.
Attorney(s) for Plaintiff
P.O. Box 865
Hudson, New York 12534
(518) 249-5328

Defendant's Address:
EQUIFAX
1550 Peachtree Street NE
Atlanta, Georgia 30309

NOTE: The law provides that:
    (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within TWENTY days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

**Civil Court of the City of New York**
**County of Kings**
-----------------------------------------X
DAMEAN MEADOWS,

                Plaintiff,

   -against-

EQUIFAX,

                Defendant.
-----------------------------------------X

Index No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff DAMAEN MEADOWS ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as and for his Complaint against the Defendant EQUIFAX ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages, declaratory relief and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended*, of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2. Plaintiff resides in Kings County within the State of New York.

3. Defendant is a Georgia corporation and with a business address at 1550 Peachtree NE, Atlanta, Georgia.

4. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Plaintiff obtained a copy of his credit report on August 17, 2024, and noticed several accounts reporting with inaccurate information.

9. Based on the inaccurate information within Plaintiff's credit report, he sent a dispute letter to Defendant which is dated August 18, 2024, and was sent to Defendant by certified mail on August 22, 2024 ("dispute letter").

10. The dispute letter that Plaintiff sent to Defendant states, in relevant part, as follows:

> Dear Equifax
>
> The following accounts need to be disputed as they are reporting inaccurately:
>
> • TBOM/ CONTFIN ACCT#: 516648XXXXX
> - This account was settled and is paid; still reporting as charged off balance of $728
>
> • CKS PRIME INVESTMENTS ACCT:179694XXXXX
> - This account was settled and paid for deletion collection; still reporting a balance and in general still reporting
> PLEASE PROCESS REQUEST TO LAWFUL STANDARDS

....

11. Defendant failed to respond to Plaintiff's dispute letter.

12. Plaintiff obtained his credit report again dated October 25, 2024 and the credit report still had not been updated.

13. All the disputed tradelines which Plaintiff notified Defendant about in the dispute letter were still reporting exactly as indicated within Plaintiff's credit report from August 17, 2024.

14. Plaintiff's dispute letter was sent directly by him to Defendant and there was no issue with identification given that the dispute letter contained Plaintiff's correct name, address, date of birth, and social security number, which is the same information that Plaintiff used to obtain his credit report.

15. Defendant failed to properly investigate the disputed account and failed to respond within the thirty (30) day requirement, thereby violating Plaintiff's rights under the FCRA.

16. Further, Defendant failed to investigate, delete or verify the disputed tradelines as required by law and requested by Plaintiff.

## FIRST CAUSE OF ACTION
## (Violation(s) of the FCRA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. 15 U.S.C. §1681i(a) Reinvestigations of disputed information

    (1) Reinvestigation required

    (A) In general

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

19. Defendant violated 15 U.S.C. §1681i(a) by failing to properly investigate the disputed account and respond to Plaintiff within the required thirty (30) day period and further to delete the account within the required thirty (30) day period – both as required by law.

20. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files which Defendant published and maintained.

21. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22. As a result of Defendant's violation of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23. The violation by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24. After receiving Plaintiff's dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27 Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute to an Errant Trade line to determine whether the

disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30. As a result of Defendant's violations of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31. The violations by Defendant of 15 U.S.C. §1681i(a) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damage, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34. The violations by Defendant of 15 U.S.C. §1681i (a)(1)(A) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from Defendant(s) in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 USC §1681o.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in the Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant:

A.   For statutory and actual damages in the amount of fifty thousand dollars ($50,000) and pursuant to the FCRA, 15 U.S.C. 1681 §§ n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. §1681 o (a) (1)(2);

B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA;

C.   A Declaration that Defendant's practices violated the FCRA;

D.   Injunctive relief against Defendant requiring the removal of the disputed tradelines from Plaintiff's credit report; and

E.   For any such other and further relief, including but not limited to prejudgment and post judgment interest at the judgment rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Date: November 8, 2024

Respectfully submitted,

By: _____
April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
Phone: (518) 249-5328
Facsimile: (518) 707-0880
Email: aforbes@esquirepc.org

*Attorney(s) for the Plaintiff*

Civil Court of the City of New York
County of Kings

---

DAMEAN MEADOWS,                                                              Index No.:

                              Plaintiff,

    -against-

EQUIFAX,

                              Defendant.

---

## SUMMONS AND COMPLAINT

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

---

To:
Attorney(s) for:

---

Service of a copy of the within                                                    is hereby admitted.

Dated:                                               ------------------------

                                                        Attorney (s) for

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Date: November 8, 2024                                Signature _____
                                                                            April Forbes, Esq.
                                                                            Attorney(s) for Plaintiff
                                                                            April Forbes, P.C.
                                                                            P.O. Box 865
                                                                            Hudson, N.Y. 12534
                                                                            (518) 249-5328 - Telephone
                                                                            (518) 707-0880 - Telefax
                                                                            aforbes@esquirepc.org - Email

**DOS 470 (Rev. 10/09)**

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**







PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

**USPS CERTIFIED MAIL**



9214 8969 0059 7938 0249 79

202412120378
THE PRENTICE-HALL CORPORATION
SYSTEM, INC.
80 STATE STREET
ALBANY NY 12207, USA